IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | Case No. 15-24430-WIL |
| | * | (Chapter 7) |
| SOLENA FUELS CORPORATION | * | |
| | * | |
| Debtor. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR ENTRY OF AN ORDER
APPROVING A PROPOSED SALE AND SETTLEMENT AGREEMENT**

Gary A. Rosen, Chapter 7 Trustee for the bankruptcy estate of Solena Fuels Corporation ("Trustee"), by his undersigned attorneys, pursuant to 11 U.S.C. §§ 105 & 363, and Fed. R. Bankr. P. 6004 & 9019, hereby files this Motion for Entry of an Order Approving Proposed Settlement Agreement (this "Motion") that, if granted, will result in a distribution to third-party creditors. In support hereof, the Trustee states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 101 *et. seq*. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), (N), & (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

**I.     Background and Parties**

2. On October 16, 2015 (the "Petition Date"), Solena Fuels Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor's Chapter 7 case (the "Bankruptcy Case") is currently pending in the United States Bankruptcy Court for the District of Maryland (Greenbelt Division) (the "Bankruptcy Court") (Case No. 15-24430-WIL). On October 17, 2015, Trustee

was appointed as the Chapter 7 Interim Trustee of the Debtor's bankruptcy estate ("Bankruptcy Estate") and continues to serve in that capacity.

3. As used herein "ALQIMI Parties" shall mean and refer to the following: Rajeev Sharma, Aryeh Davis, Avi Hoffer, Richard Wenzel, Brian Miloski, Joseph Carlin, Richard Cohen, Arthur Samberg, GreenFuel Technology LLC, Acadia Woods Partners, LLC, Samberg Family Foundation, Inc., SGNA LLC, GA Development, LLC, SAN Development Company, LLC, ZLC Investments, LLC, ALQIMI GE&F Holdings, LLC, and ALQIMI Technology Solutions, Inc. The ALQIMI Parties, either directly or indirectly, are former officers, directors, and shareholders of the Debtor.

4. The ALQIMI Parties also, either directly or indirectly, are holders of claims in the Debtor's bankruptcy Case. One of the ALQIMI Parties, SGNA, LLC, as collateral agent, filed a proof of claim [Claim No. 5-1] on or about March 1, 2016 ("SGNA POC"). The SGNA POC is a consolidated proof of claim claiming a secured amount of $2,417,267.89, and is comprised of twenty-eight (28) individual claims against the estate. The ALQIMI Parties represent all but five of those individual claims in number, and seventy-five percent (75.0%) of those claims in value. *See* Claim 5-1 Part 2, page 301 of 365.

5. Other parties included in the SGNA POC, *which are not ALQIMI Parties*, are SIELTE, S.p.A., SAMER & CO. Shipping, S.p.A., SFI Investors, LLC (which is a company owned and controlled by Dr. Do [defined hereinafter]), Elser & Company Ltd. (which had assigned its claim to Marco Maximillian Elser), and Carlisle Investments Inc. The foregoing parties are not included in the Settlement described herein.

6. The Trustee asserts that the estate may hold various claims, known or unknown, that may be brought pursuant to federal, state, or common law against the ALQIMI Parties

(together, the "Claims") including, but not limited to, avoidable transfers made by the Debtor to the ALQIMI Parties.

7.  The Trustee further asserts that the estate also holds various claims ("Do Claims") against Dr. Robert T. Do, MS., MD. ("Dr. Do"), which Do Claims are set forth on that certain complaint filed in the Bankruptcy Case as an Adversary Proceeding filed on November 30, 2017 (the "Complaint") [Adv. Proc. No: 17-000471].

8.  The Trustee has also investigated various events occurring on or about May 11, 2015, and certain other actions taken on and after that date, whereby the ALQIMI Parties attempted to remove Dr. Do's control of the Debtor and limit any misappropriation or waste of Debtor's assets. The Trustee acknowledges that, based upon such limited factual investigation and such corroborating testimony provided by the ALQIMI Parties, removal of Dr. Do's control was for the benefit of the Debtor as a going-concern.

9.  The Trustee and the ALQIMI Parties have engaged in lengthy negotiations concerning the Claims and, subject to approval by this Court, have agreed to resolve their claims and disputes, and sell and assign the Do Claims to the ALQIMI Parties free and clear of all liens, claims and interests, in accordance with the terms of an Assignment of Claims and Mutual Release, dated as of December 20, 2017, which is attached hereto as **Exhibit A** and incorporated herein by reference ("Settlement").

10.  That proposed Settlement provides for (i) the payment by ALQIMI Parties to the Trustee the amount of one hundred fifty thousand and 00/100 dollars ($150,000.00) ("Settlement Sum"), (ii) the sale and assignment of the Do Claims to the ALQIMI Parties free and clear of all liens, claims and interests, (iii) a full release by and among the Trustee, the estate, and the

ALQIMI Parties, and (iv) a waiver by the ALQIMI Parties of their right to receive any distribution of the Settlement Sum based on their interest in the SGNA POC.

11. The Trustee respectfully requests that this Court enter an order granting this Motion and approving the Settlement. A summary of the material terms of the proposed Settlement Agreement are as follows[1]:

- The ALQIMI Parties shall pay to the Trustee $150,000.00 within two business days of this Court's approval of the Settlement (and the ALQIMI Parties agree to waive the right to receive any of such proceeds);
- The Trustee provides a full release to the ALQIMI Parties for all known and unknown claims;
- The ALQIMI Parties provide a full release to the Trustee and the estate for all known and unknown claims;
- All releases and waivers explicitly exclude claims any party has against Dr. Do and other insiders of the Debtor other than the ALQIMI Parties and further do not include waivers or releases of any claims the ALQIMI Parties have in the Debtor's estate other than the waiver of the right to receive the Settlement Sum;
- Upon approval of the Court, the Trustee shall sell and assign free and clear of all liens, claims and interests, all rights the Trustee has in any causes of action against Dr. Do; and
- The ALQIMI Parties agree to reimburse the Trustee and the Bankruptcy Estate for any and all reasonable, necessary, and agreed upon attorneys' fees and expenses incurred in connection with the Complaint (or the Adversary Proceeding in which the Complaint was filed or other related proceeding) on or after December 1, 2017.

## II.   Legal Standard

12. Bankruptcy Rule 9019 states in relevant part that:

On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the U.S. trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

*Fed. R. Bankr. P. 9019(a).*

13. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution

---

[1] The following is a summary of the Settlement and is not intended to be a comprehensive analysis of the terms of the agreement. In the event of a contradiction between the summary herein and the terms of the Settlement, such terms of the Settlement shall control.

4840-3561-5321, v. 2

4

of bankruptcy cases. *See United States ex. Rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (Bankr. D. Md. 2001), *aff'd by*, 61 Fed. Appx. 860 (4th Cir. 2003); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). Rule 9019 implements section 363 of the Bankruptcy Code, pursuant to which a debtor may use or sell property other than in the ordinary course of business after notice and hearing. *Id.* at 394 n.2.

14. In approving a proposed settlement, the Bankruptcy Court must determine whether the settlement is in the best interests of the estate. While it is the obligation of a bankruptcy court to review independently a proposed compromise to determine whether it is fair, equitable, and in the best interests of the bankruptcy estate, settlements are to be encouraged. *Rahman,* 269 B.R. at149. A bankruptcy court must examine whether the trustee's actions in settling fall within the universe of reasonable action, not whether pressing onward might produce more funds for the estate. *In re Bowman,* 181 B.R. 836, 846 (Bankr. D. Md. 1995) ("The court may approve the settlement over objections, unless the proposed settlement falls below the lowest point of reasonableness") *(citing In re W.T. Grant Co.,* 699 F.2d 599, 608, 613 (2d Cir.), *cert, denied,* 464 U.S. 822 (1983)); *In re Ashford Hotels, Ltd.,* 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) (viewing settlement within the "lowest point in the range of reasonableness").

15. A bankruptcy court should approve a settlement if it is fair and equitable, and in the best interests of the estate. *In re Degenaars*, 261 B.R. 316, 319 (Bankr. M.D. Fla., Apr 12, 2001). In determining whether to approve a settlement pursuant to section 363 of the Bankruptcy Code and Rule 9019, the Third Circuit has stated that a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393 (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

In making this determination, a court should consider four criteria: (1) the probability of success in the litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved and related expense and inconvenience, and (4) the interests of the creditors. *Id.*; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Anderson* factors as controlling whether settlement should be approved). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

16. As recently stated by Judge Bennett in *Rose v. Logan*, 2014 U.S. Dist. LEXIS 38890 (D.Md. March 25, 2014), at *22-23:

> Under § 363 of the Bankruptcy Code, a bankruptcy trustee may use, sell, or lease property of the bankrupt estate after notice and hearing. See 11 U.S.C. § 363(b). Bankruptcy courts have "wide latitude in approve a sale of assets under § 363(b)." *In re Siskind*, No. 02-65786-NVA, 2008 Bankr. LEXIS 4495, 2008 WL 2705528, at *6 (Bankr. D. Md. July 3, 2008); *see also* In re Merry-Go-Round Enters., 180 F.3d 149, 162 (4th Cir. 1999) ("The purpose of a Chapter 7 case is to administer efficiently the liquidation of the estate for the benefit of the creditors. To accomplish this often seemingly impossible task, the Chapter 7 trustee requires considerable discretion. . . . [S]o long as the trustee acts reasonably and in the best interests of the estate, and so long as she obtains fair value for the property under the circumstances of the case, her choice of method of disposition [*23] will be respected." (internal citations and quotation marks omitted)). "The factors the Court must find for approval of a sale are: (i) a sound business reason justifying the sale, (ii) adequate and reasonable notice of the sale to all parties, (iii) that the sale has been proposed in good faith and (iv) that the purchase price is fair and reasonable." *In re Siskind*, 2008 Bankr. LEXIS 4495, 2008 WL 2705528, at *6; *see also In re Fischer*, No. 03-13704, 2010 Bankr. LEXIS 2211, 2010 WL 2746329, at *10 (Bankr. D. Md. July 9, 2010) ("In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated variously ways, represent essentially a business judgment test. Some courts have described the standard as one of "good faith" or of whether the transaction is 'fair and equitable.' Others question whether the sale is 'in the best interest of the estate.'" (quoting 3 *Collier on Bankruptcy* ¶ 363.02[1][f] (15th rev. ed. 2005)).

*See also Providence Hall Associates. L.P. v. Wells Fargo Bank, N.A.,* 816 F.3d 273, 279 (4th Cir. 2015) (upholding sale of property found by bankruptcy court to "be in the best interests of creditors" (citing *Rose v. Logan* with approval)).

17. When applying the above-noted criteria to the facts of a particular case, a bankruptcy court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement. *In re Cajun Elec. Power Coop., Inc*, 119 F.3d 349, 356 (5th. Cir 1997). Likewise, a bankruptcy court does not need to conduct an evidentiary hearing as a prerequisite to approving the settlement and the sale and assignment of the Do Claims. *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994). Instead, it is the responsibility of the bankruptcy court to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re Spielfogel*, 211 B.R. 133, 143-44 (Bankr. S.D.N.Y. 1997); *In re Carla Leathers, Inc.* 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd* 50 B.R. 764 (S.D.N.Y. 1985). *See In re Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995) ("The court may approve the settlement over objections, unless the proposed settlement falls below the lowest point of reasonableness") (citing In re W.T. Grant Co., 699 F.2d 599, 608, 613 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)); *In re Ashford Hotels, Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998 (viewing settlement with the "lowest point in the range of reasonableness").

18. Approval of a compromise is within the "sound discretion" of the bankruptcy court. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995). The bankruptcy court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hospital-Osteopathic Medical Center*, 221 B.R. 603, 610 (Bankr. N.D. Ohio 1996) (citing *In re Bell and Beckwith*, 87 B.R. 476, 478-479 (Bankr. N.D. Ohio 1988)).

19. To the extent applicable, approval of a settlement that involves property of the estate should also constitute a reasonable exercise of the trustee's business judgment under Bankruptcy Code section 363(b), which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In interpreting section 363, courts have held that a transaction involving property of the estate generally should be approved so long as the trustee can demonstrate "some articulated business justification for using, selling, or leasing property outside of the ordinary course of business." *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *accord In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

20. In determining the reasonableness of the proposed settlement, a bankruptcy court should consider the following factors: (a) the probability of success in the litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation; (d) the expense, inconvenience, and delay necessarily attending to the litigation; and (e) the paramount interest of the creditors of the estate. *Rahman*, 269 B.R. at 149 (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

### III.  Legal Argument

21. The Trustee respectfully submits that approval of the Settlement is in the best interest of the Debtor's bankruptcy estate and readily satisfies the applicable factors espoused by the courts as noted in the cases set forth above.

22. Prior to reaching an agreement with the ALQIMI Parties, the Trustee investigated and reviewed the available evidence related to any claims the Trustee or the estate may hold against both the ALQIMI Parties and Dr. Do. The Trustee has considered the time and expense

to pursue any claims it may hold against either the ALQIMI Parties or Dr. Do, as well as the likelihood of success in the pursuit of any of such claims.

23. The Settlement was negotiated at arms' length between the parties and reflects the product of the parties' analysis and consideration of the relevant legal, factual, and economic issues. Litigation by the Trustee would cause the parties and the estate to continue to incur legal fees and expenses that would serve to deplete the value of the Debtor's bankruptcy estate. The Trustee submits that any anticipated net proceeds which would result from complex and lengthy litigation against Dr. Do and/or the ALQIMI Parties would result in less proceeds being distributed to the creditors in the Debtor's bankruptcy case.

24. During the course of the Trustee's investigation, the Trustee determined that, while a successful outcome of a lawsuit against the ALQIMI Parties is *possible*, success is not likely without considerable time and legal expense. The Trustee has determined that pursuit of claims against the ALQIMI Parties, along with additional fact discovery, may produce a successful outcome. Additional effort and legal expense by the Trustee to achieve such success may yield proceeds to the estate, however such proceeds are not likely to be considerably more that the cost to obtain such success.

25. The ALQIMI Parties and Dr. Do are already entangled in complex litigation in the Superior Court for the District of Columbia (Case No: 2015 CA 008253 B) (the "DC Litigation"). If the Trustee were to pursue the claims against the ALQIMI Parties, the Trustee would certainly become entangled in the DC Litigation, which involves claims and legal issues outside the purview of the Bankruptcy Court. Such involvement would subject the Trustee, and the estate, to additional and potentially unnecessary ongoing legal expenses to monitor and answer the uniquely complex DC Litigation, including additional travel expenses associated with

litigation of a case out-of-state. The Trustee is equipped to pursue such litigation. However, in light of the Trustee's determination of a maximum dollar value recovery, pursuit of such litigation against the ALQIMI Parties would be cost-prohibitive for the Trustee and would only serve to subject the estate to unnecessary costs and further delay.

26. Similarly, the Trustee maintains (based on a limited review of facts and circumstances) that the Do Claims are also legitimate and colorable claims held by the Trustee and the bankruptcy estate which may be proven with additional fact discovery. Further, pursuit and success of such Do Claims are likely to produce positive net proceeds for the estate and creditors. However, the Trustee has determined that the costs associated with pursuit of such claims are also cost-prohibitive. Any such pursuit of the Do Claims would similarly entangle the Trustee in the DC Litigation, presenting additional obstacles for the Trustee in recovering money for the estate.

27. However, the Do Claims and a mutual release are valuable to the ALQIMI Parties. Due to the ongoing and complex DC Litigation, the ALQIMI Parties have already incurred many of such costs of fact discovery and other trial-related expenses. Thus, the Do Claims (coupled with a release from the Trustee) are valuable to the ALQIMI Parties but do not present the same obstacles.

28. The Trustee has engaged in arms' length negotiations with the ALQIMI Parties and has come to an agreement whereby (among other things, and subject to Bankruptcy Court Approval) the ALQIMI Parties will purchase the Do Claims in exchange for $150,000 and (further) each party will fully release the other in full settlement of any claims either may hold against the other.

29. Based on the Trustee's analysis, the Trustee has concluded that any net proceeds of pursuit of claims against the ALQIMI Parties and Dr. Do are considerably less than $150,000 offered by the ALQIMI Parties. Further, the Settlement sum will be transferred to the Trustee virtually immediately after approval from the Bankruptcy Court, whereas (if the Trustee pursues such claims himself) creditors would be further delayed pending results of additional and complex litigation at significant costs which may not result in proceeds to the estate. Thus, such settlement and sale of the Do Claims will result in a positive outcome for creditors.

30. Further, the ALQIMI Parties (which represent $1,813,239.04 of filed proofs of claim) agreed to waive their right to receive portions of the Settlement Sum. With such waiver, the remaining proofs of claim filed in the case equal $1,066,846.09.

31. Therefore, based on the Trustee's review and analysis, the Trustee submits that the herein described Settlement is in the best interest of the estate.

32. Pursuant to Local Rule 9013-2, the PSS Trustee has not filed a separate Memorandum of Law in support of this Motion, and relies solely upon the statements in this Motion for the relief requested herein.

WHEREFORE, Gary Rosen, Chapter 7 Trustee for the bankruptcy estate of Solena Fuels Corporation requests that the Court grant the following relief:

A. Grant this Motion and approve the Settlement described herein, including the sale and assignment of the Do Claims, free and clear of liens, claims, and interests, including counterclaims and rights of set-off, if any;

B. Authorize the Trustee to take actions reasonably necessary to effectuate the terms of the Settlement; and

    C.    Grant such other and further relief as this Court deems fair and just.

Dated: <u>January 25, 2018</u>　　　　　　　　　　　Respectfully submitted,

                                      */s/ Paul Sweeney*
                                      Paul Sweeney, Esquire, 07072
                                      Andrew Gerlowski, Esquire, 19953
                                      Yumkas, Vidmar, Sweeney & Mulrenin, LLC
                                      10211 Wincopin Circle, Suite 500
                                      Columbia, Maryland  21044
                                      Phone:  (443) 569-5972
                                      Fax:  (410) 571-2798
                                      Email: psweeney@yvslaw.com
                                      Email: agerlowski@yvslaw.com
                                      Counsel for Plaintiff, Gary A. Rosen,
                                      Chapter 7 Trustee of Solena Fuels Corporation

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2018, notice of filing the Motion for Entry of an Order Approving A Proposed Sale and Settlement Agreement was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notice and by electronic mail or first class mail, postage prepaid as indicated on the attached service list.

/s/ Paul Sweeney
Paul Sweeney

**Service by first class mail, postage prepaid:**

Steven H Greenfeld
Cohen, Baldinger & Greenfeld, LLC
2600 Tower Oaks Blvd., Suite 103
Rockville, MD 20852-4281

Solena Fuels Corporation
9210 Corporate Blvd, Suite 150
Rockville, MD 20850-6285

AECOM Limited/
AECOM House
63-77 Victoria Street
St. Albans Herts AL1 3ER
United Kingdom

ALQIMI GE&F Holdings, LLC
c/o ALQIMI Group
Attn. Joseph Carlin
9210 Corporate Blvd. Ste. 150
Rockville, MD 20850-6285

American Business Appraisers, LLP
3800 Blackhawk Road, Suite 140
Danville, CA 94506-4650

Aryeh Davis
Four Copperbeech Lane
Lawrence, NY 11559-2606

BDO
8405 Greenboro Drive, Suite 700
McLean, VA 22102-5108

Barclays Capital PLC
5 The North Colonnade
Canary Wharf London, E14 4BB
United Kingdom

Blue Cross Blue Sheild
840 1st Street, NE
Washington, DC 20065-0003

Brian Miloski
1964 Crescent Park Drive
Reston, VA 20190-3288

British Airways PLC
Waterside PO Box 365
Harmondsworth,UB7 0GB
United Kingdom

CC Solutions
75 Grandview Blvd
Yonkers, NY 10710-3042

CPA Global Limited
Liberation House
Castle Street, St. Helier
Jersey JE1 1B2
United Kingdom

CareFirst BlueCross BlueShield
1501 S. Clinton Street, CT10-06
Baltimore, MD 21224-5730

Carlisle Investments Inc.
c/o Lonsin Capital
15 Bolton Street London W1J 8BG
United Kingdom

Comcast Cable Communications
P.O. Box 3006
Southeastern, PA 19398-3006

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

Corporation Service Company
2711 Centerville Rd., Ste 400
Wilmington, DE 19808-1646

Credit Protection Association LP
13355 Noel Road
Dallas, TX 75240-6837

Crystal Vision Energy Limited
Unit 3201, 52F
148 Electric Road
HONG KONG

DLA Piper
6225 Smith Avenue
Baltimore, MD 21209-3600

David Lyle
15 Cleerebrook Place
The Woodlands, TX 77382-1315

EC Harris
ECHQ, 34 York Way
London NI 9AB
United Kingdom

Esler & Cmpany Limited
c/o Lonsin Capital
15 Bolton Street London W1J 8BG United Kingdom

FTI Consulting, Inc.
Attn. Matthew Bacsardi
2 Hamill Road, North Bldg.
Baltimore, MD 21210-1816

FedEx Express/FedEx TechConnect
c/o Synter Resource Group, LLC
5935 Rivers Avenue, Ste. 102
Charleston, SC 29406-6071

Floor Mill Georgetown LLC
1000 Potomac Street, NW
Washington, DC 20007-3501

Fluor Enterprises Inc.
3 Polaris Way
Aliso Viejo, CA 92656-5338

Fluor Limited
140 Pinehurst Road
Farnborough GU14 7BF
United Kingdom

Ford Harrison LLP
1300 19th Street, NW, Ste 300
Washington, DC 20036-1628

David Schwinger, Esq.
Law Offices of David Schwinger PLLC
2519 P Street, NW
Washington, DC  20007

SGI, Inc.
Attn:  Dr. Do
10600 Red Barn Lane
Potomac, MD  20854

Dr. Do
10600 Red Barn Lane
Potomac, MD  20854

| | | |
|---|---|---|
| GA Development LLC Attn.<br>Avi Hoffer<br>8230 Ritchie Highway<br>Pasadena, MD 21122-3908 | Greenfuel Technology, LLC<br>23020 Eaglewood Ct., Ste 400<br>Sterling, VA 20166-9503 | Greenfuel Technology, LLC c/o<br>GTS Group<br>Attn. Richard Wenzel<br>23020 Eaglewood Court, Ste. 400<br>Sterling, VA 20166-9503 |
| Honeywell Process Solutions<br>3079 Premier Pkway, Ste 100<br>Duluth, GA 30097-5245 | Kenneth S. Nankin<br>Nankin & Verma PLLC<br>4550 Montgomery Avenue, Suite 775N<br>Bethesda, MD 20814-3376 | Leidos<br>835 Kolding Avenue<br>Solang, CA 93463-2236 |
| Leidos, Inc.<br>c/o Kristin M Grimes<br>11955 Freedom Drive<br>Reston, VA 20190-5651 | MGA Consultants, Inc<br>6031 University Blvd., Suite 300<br>Ellicott City, MD 21043-6151 | Marco Maximilian Elser<br>Via Sistina 121<br>Roma, Italia 00187 |
| Norton Rose Fulbright LLC<br>3 More London Riverside<br>London SE1 2AQ<br>UNITED KINGDOM | Novak Druce Connolly Bove<br>& Quigg, LLP<br>1007 N. Orange Street, Ninth Floor<br>Wilimington, DE 19801-1239 | Office of Tax and Revenue<br>1101 4sth Street, SW<br>Washington, DC 20024-4457 |
| Patton Boggs<br>2550 M Street, NW<br>Washington, DC 20057-0001 | Phoenix Solutions Co.<br>3327 Winpark Drive<br>Minneapolis, MN 55427 | Procetech<br>4 Chemin de l'glise,<br>78490 Bazoches-sur-Guyonne<br>FRANCE |
| Reaction Engineering Intl<br>746 E. Winchester St., Ste 120<br>Murray, UT 84107-8507 | SFI Investors LLC<br>Attn. Robert Do<br>10600 Red Barn Lane<br>Potomac, MD 20854-1953 | SGNA LLC as Collateral Agent<br>c/o Jonathan L Gold<br>LeClairRyan<br>2318 Mill Road, Suite 1100<br>Alexandria, VA 22314-6834 |
| SGNA LLC, as Collateral Agent<br>Jonathan L. Gold<br>LeClairRyan<br>2318 Mill Road, Suite 1100<br>Alexandria, VA 22314-6834 | SGNA, LLC<br>c/o Hawkes Financial LLC<br>Attn. Aryeh Davis<br>77 Bedford Road<br>Katonah, NY 10536-2141 | SIELTE, S.P.A.<br>Via Valle di Perna, 1<br>Attn. Alfio Turrisi<br>00128- Roma<br>ITALIA |
| Samer & Co. Shipping, S.P.A.<br>Piazza dell'Unuta D'Italia, 7<br>Attn, Erico Samer 34121<br>Trieste, Italy | Seyforth Shaw LLP<br>975 F Street NW<br>Washington, DC 20004-1454 | State of Maryland DLLR<br>Div. of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 |
| TML Copiers<br>9700 Capital Court, #201<br>Manassas, VA 20110-2047 | Taxing Authority of Montgomery Co.<br>Division of Treasury<br>255 Rockville Pike, Ste. L-15 Rockville,<br>MD 20850-4188 | The Delaware Department of State<br>Division of Corporations<br>P.O. Box 898<br>Dover, DE 19903-0898 |
| Velocys<br>115e Olympic Avenue<br>Abingdon OX14 4SA<br>United Kingdom | Gary A. Rosen<br>One Church Street, Suite 800<br>Rockville, MD 20850-4164 | James G. Cochran<br>7704 Mapleville Road<br>P.O. Box 222<br>Boonsesboro, MD 21713-0222 |

| | | |
|---|---|---|
| SFI Investors, LLC<br>c/o Corporation Trust Co.<br>Corporation Trust Center<br>1209 Oragne Street<br>Wilmington, DE  19801 | SGI, Inc.<br>c/o Corporation Trust Co.<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801 | SGI, Inc.<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE  19808 |

**Service by electronic mail:**

Mark H. M. Sosnowsky
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, DC 20005-1209
*Mark.Sosnowsky@dbr.com*