# EXHIBIT A

## ASSIGNMENT OF CLAIMS AND MUTUAL RELEASE

THIS ASSIGNMENT OF CLAIMS AND MUTUAL RELEASE ("Mutual Release") is made effective as of December 20, 2017, by and among, Gary A. Rosen, Chapter 7 Trustee of the Estate of Solena Fuels Corporation (the "Trustee"), Rajeev Sharma, a Maryland resident, Aryeh Davis, a New York resident, Avi Hoffer, a Maryland resident, Richard Wenzel, a Virginia resident, Brian Miloski, a Maryland resident, Joseph Carlin, a Virginia resident, Richard Cohen, a Maryland resident, Arthur Samberg, a New York resident, GreenFuel Technology LLC, a Virginia limited liability company, Acadia Woods Partners, LLC, a Delaware limited liability company, Samberg Family Foundation, Inc., a Delaware corporation, SGNA LLC, a Delaware limited liability company, GA Development, LLC, a Maryland limited liability company, SAN Development Company, LLC, a Maryland limited liability company, ZLC Investments, LLC, a Maryland limited liability company, ALQIMI GE&F Holdings, LLC, a Delaware limited liability company, and ALQIMI Technology Solutions, Inc., a Virginia corporation (all of the foregoing, excluding the Trustee, are collectively the "Defendants", each individually a "Defendant") (all of the foregoing are collectively the "Parties", each individually a "Party").

## R E C I T A L S

R1.    On October 16, 2015 (the "Petition Date"), Solena Fuels Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor's Chapter 7 case (the "Bankruptcy Case") is currently pending in the United States Bankruptcy Court for the District of Maryland (Greenbelt Division) (the "Bankruptcy Court") (Case No. 15-24430-WIL). On October 17, 2015, Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor's bankruptcy estate ("Bankruptcy Estate") and continues to serve in that capacity.

R2.    Defendants are former officers, directors and shareholders of the Debtor. The Trustee asserts that the Debtor and the Trustee may hold various claims, known or unknown, that may be brought pursuant to federal, state, or common law against the Defendants (together, the "Claims") including, but not limited to, avoidable transfers made by the Debtor.

R3.    The Trustee further asserts that the Debtor and the Trustee may hold various claims ("Do Claims") against Dr. Robert T. Do, MS., MD. ("Dr. Do"), which Do Claims are set forth on that certain complaint filed in the Bankruptcy Case as an Adversary Proceeding filed on November 30, 2017 (the "Complaint").

R4.    The Trustee has also investigated various events occurring on or about May 11, 2015, and certain other actions taken on and after that date, whereby the Defendants attempted to remove Dr. Do's control of the Debtor and limit any misappropriation or waste of Debtor's assets. The Trustee acknowledges that, based upon such limited factual investigation and such corroborating testimony provided by the Defendants, removal of Dr. Do's control was for the benefit of the Debtor as a going-concern.

R5.     Subject to approval by the Bankruptcy Court, the Parties have agreed to resolve their claims and disputes, and assign the Do Claims, in accordance with the terms of this Mutual Release.  This Mutual Release is entered into for the purpose of settlement and compromise.  By entering into this Mutual Release, neither Party admits liability of any nature to the other.

<u>**W I T N E S S E T H**</u>

NOW, THEREFORE, in consideration of these premises, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereto, intending to be legally bound, agree as follows:

1.      <u>Recitals</u>.  The Parties acknowledge that the recitals are true and accurate.  The recitals to this Mutual Release are substantive parts of this Mutual Release and are incorporated in full herein.

2.      <u>Payments by Defendants</u>.  Prior to execution of this Mutual Release, the Defendants have deposited with Allen V. Farber, Esquire, ("Mr. Farber") the sum of one hundred fifty thousand and 00/100 dollars ($150,000.00) in preparation of full and immediate payment of its obligations under this Mutual Release.  Within two business days of the Court's approval of this Mutual Release, the sum of one hundred fifty thousand and 00/100 dollars ($150,000.00) (the "Settlement Sum") shall be transferred to Paul Sweeney, Esquire, ("Mr. Sweeney") by wire transfer in legal US tender as follows:

> Yumkas, Vidmar, Sweeney & Mulrenin, LLC
> ATTORNEY TRUST ACCOUNT IOLTA
> Account Number 229-357946-8
> Routing Number 255071981
> Capital One Eastern
> Melville, NY 11747 USA

After approval by the Bankruptcy Court of this Mutual Release, and upon transfer in full of the Settlement Sum and the clearing of such funds by the financial institution (the "Settlement Conditions") the Defendants shall have fully satisfied all of their obligations to the Debtor and the Trustee under this Mutual Release.

3.      <u>Mutual Release</u>.  Upon satisfaction of the Settlement Conditions, Trustee, and for and on behalf of the Debtor, (collectively the "Trustee Parties"), shall RELEASE and FOREVER WAIVE and DISCHARGE, the Defendants, and, as applicable, the Defendants' past, present and future officers, directors, shareholders, members, partners, principals, managers, employees, agents, accountants, attorneys, insurers, representatives, trustees, administrators, beneficiaries, affiliates, subsidiaries, successors and assigns (individually and collectively, the "Released Defendant Parties") from any and all claims, liabilities, demands, damages, losses, debts, obligations, accounts, offsets, actions, causes of action, defenses, costs, fees and expenses of whatsoever kind or nature, whether in law or equity, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct

or indirect, whether contingent or liquidated, which the Trustee Parties ever had or has against the Released Defendant Parties, except as set forth herein. Such release resolves any and all claims for relief that are, or could have been asserted, alleged, or pled, no matter how characterized, including, without limitation, for compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees in any way related to or in any way arising between the Parties.

Upon satisfaction of the Settlement Conditions, each of the Defendants, for itself and its successors and assigns shall RELEASE and FOREVER WAIVE and DISCHARGE the Trustee and the Debtor's Bankruptcy Estate (individually and collectively, the "Released Trustee Parties") from any and all claims, liabilities, demands, damages, losses, debts, obligations, accounts, offsets, actions, causes of action, defenses, costs, fees and expenses of whatsoever kind or nature, whether in law or equity, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated, which each of the Parties ever had or now has against the Released Trustee Parties, except as set forth herein. Such release resolves any and all claims for relief that are, or could have been asserted, alleged, or pled, no matter how characterized, including, without limitation, for compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees in any way related to or in any way arising between the Parties.

Each Party affirms that it has not filed with any governmental agency or court any type of action or report against the other Party, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in this Section 3.

Notwithstanding anything herein to the contrary, the Parties expressly agree that this Mutual Release does not constitute a release or waiver of any claims any Party may have against Dr. Do nor any of the Debtor's past, present and future officers, directors, shareholders, members, partners, principals, managers, employees, agents, accountants, attorneys, insurers, representatives, administrators, beneficiaries, affiliates, and subsidiaries other than each of the Defendants named herein, the Trustee, and the Debtor's Bankruptcy Estate. The Parties further expressly agree that this Mutual Release does not constitute a release or waiver by any Defendant of any creditor or equity claims that they may have in the Debtor's Estate, except as stated in Paragraph 5. Each Defendant expressly agrees that the Mutual Release does not serve as a release of claims by any Defendant against any other Defendant.

4.      <u>Disgorgement</u>.  In the event that either the Debtor or the Trustee is forced to disgorge any portion of the Settlement Sum, for any reason whatsoever, including, but not limited to, any proceedings initiated under state law, federal law, or federal bankruptcy law, then the mutual release provided for in Section 3 herein shall be retroactively null and void with respect to the Defendant or Defendant(s) responsible for such disgorgement (the "Disgorgement Parties"). For the elimination of doubt, where such disgorgement is partial and is attributable to a specific Defendant or specific Defendants, only the release between the Trustee and Disgorgement Parties shall be impacted and the release will remain in full force and effect for all other parties.

Distribution of funds to creditors in the Bankruptcy Case is not deemed to be "disgorgement" for the purposes of this section.

5.      <u>Waiver of Distribution of Settlement Sum</u>.  Upon approval and entry of an order by the Bankruptcy Court approving this Mutual Release, and upon receipt in full of the Settlement Sum, the Defendants hereby agree that they are not entitled to any portion of the Settlement Sum as secured or unsecured creditors and that any portion of the Settlement Sum distributed by the Trustee shall be distributed without regard to any Defendants' secured or unsecured claims, including (but not limited to) the claims of any Defendant as specified in Claim No 5-1 filed in the Bankruptcy Case by SGNA LLC as collateral agent.  If necessary, the Defendants shall execute appropriate documentation to effectuate such waiver.  This waiver is limited to the Settlement Sum distributed as part of this Agreement and shall not apply to any other distribution in the Bankruptcy Case.  Each of the Defendants represent and warrant, to their knowledge, information, and belief, that such Defendant has no claim against the Debtor, the Trustee, or the Debtor's Bankruptcy Estate other than those claims specified in Claim Number 5-1 filed in the Bankruptcy Case by SGNA, LLC, as collateral agent.

6.      <u>Assignment of Do Claims</u>.  Upon approval and entry of an order by the Bankruptcy Court approving this Mutual Release, and upon receipt in full of the Settlement Sum, the Trustee shall assign to the Defendants all rights and entitlements held by the Trustee in any and all claims and causes of action against Dr. Do including, but not limited to the Do Claims as well as any related claims and amended claims as may be allowed.  The Trustee represents and warrants to its knowledge, information, and belief that (1) the Do Claims have been timely asserted within the time allowed by law and by consent, (2) the Trustee has not released or agreed to release any claims against Dr. Do, (3) the Trustee will not release or agree to release any claims against Dr. Do, except as approved by each of the Defendants, each of which may withhold such consent in his or its sole and absolute discretion.

Each of the Defendants hereby agree to reimburse the Trustee and the Bankruptcy Estate for any and all reasonable, necessary, and agreed upon attorneys' fees and expenses incurred in connection with the Complaint (or the Adversary Proceeding in which the Complaint was filed or other related proceeding) on or after December 1, 2017.

The Trustee and Bankruptcy Estate agree to make available to Defendants, at Defendants' expense, all materials in its possession, custody, or control reasonably necessary to litigate the Do Claims or any related claims.

7.      <u>Breach of Mutual Release</u>.  Notwithstanding anything to the contrary in this Mutual Release, the release provision set forth in Section 3 of this Mutual Release shall not constitute a release of any claims or causes of action pertaining to the enforcement of this Mutual Release arising out of or based upon a breach of this Mutual Release.

8.      <u>Entire Agreement and Severability</u>.  The Parties to this Mutual Release agree that this Mutual Release constitutes the entire agreement between the Parties, and that there are no other understandings or agreements, written or oral, between them which are not contained herein. This Mutual Release may not be modified, altered, amended, or otherwise changed except upon

written agreement of the Parties hereto. This Mutual Release may be executed in multiple counterparts, each of which shall be deemed an original, but which together, shall be deemed to constitute a single document. Any material amendment hereto is subject to approval by the Bankruptcy Court.

9.    <u>Review by Counsel</u>.  The Parties acknowledge that they have had this Mutual Release reviewed by independent legal counsel of their choice, or have had the full and fair opportunity to obtain such counsel for review, and further represent that they are each competent to enter into this Mutual Release, fully understand its terms and consequences, and enter into it knowingly and voluntarily.

10.    <u>Full Authority</u>.  Each party signing this Mutual Release represents and warrants that they have full authority to execute this Mutual Release.

11.    <u>Survival; Successors and Assigns</u>.  Whenever in this Mutual Release any of the Parties hereto is referred to, such reference shall be deemed to include the successors and assigns of such Party.  All covenants, agreements, representations and warranties made herein, and in any documents executed in connection with this Mutual Release, shall survive this Mutual Release and continue in full force and effect.

12.    <u>Severability</u>.  If any term, provision or condition, or any part thereof, of this Mutual Release, or any document executed in connection with this Mutual Release, shall for any reason be found or held to be invalid or unenforceable by any court or governmental agency of competent jurisdiction, such invalidity or unenforceability shall not affect the remainder of such term, provision or condition or any other term, provision or condition, and this Mutual Release, and all documents executed in connection with this Mutual Release, shall survive and be construed as if such invalid or unenforceable term, provision or condition had not been contained therein, provided the original intent of the parties can still be effectuated.

13.    <u>Binding Effect; Third Parties</u>.  This Mutual Release shall have no effect unless and until it has been executed by all Parties hereto.  This Mutual Release shall be binding on each of the parties hereto, their heirs, executors, executors, successors and assigns.  This Mutual Release is not intended to create any rights in any person or entity not a Party hereto.

14.    <u>Bankruptcy Court Approval</u>.  The agreements, covenants, promises, or other conditions contained in this Mutual Release are subject to a final order entered by the Bankruptcy Court approving this Mutual Release.  For the purposes of this Mutual Release, any order entered by a court shall be final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

[*signatures follow*]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this __th day of December, 2017, with the specific intention of creating an instrument under seal.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

**TRUSTEE**:                                        GARY A. ROSEN, Chapter 7 Trustee of the Estate
                                                             of Solena Fuels Corporation

Dated: 12 | 20 / 17              By: _____
                                                             Gary A. Rosen

**DEFENDANTS**:

Dated: _____    By: _____
                                                             Rajeev Sharma, a Maryland resident

Dated: _____    By: _____
                                                             Aryeh Davis, a New York resident

Dated: _____    By: _____
                                                             Avi Hoffer, a Maryland resident

Dated: _____    By: _____
                                                             Richard Wenzel, a Virginia resident

Dated: _____    By: _____
                                                             Brian Miloski, a Maryland resident

Dated: _____    By: _____
                                                             Joseph Carlin, a Virginia resident

Dated: _____    By: _____
                                                             Richard Cohen, a Maryland resident

Dated: _____    By: _____
                                                             Arthur Samberg, a New York resident

[Signature page 6 of 4]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this __th day of December, 2017, with the specific intention of creating an instrument under seal.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

**TRUSTEE:**

GARY A. ROSEN, Chapter 7 Trustee of the Estate of Solena Fuels Corporation

Dated:_____

By:_____
     Gary A. Rosen

**DEFENDANTS:**

Dated:_12-7-17_____

By:_____
     Rajeev Sharma, a Maryland resident

Dated:_____

By:_____
     Aryeh Davis, a New York resident

Dated:_____

By:_____
     Avi Hoffer, a Maryland resident

Dated:_____

By:_____
     Richard Wenzel, a Virginia resident

Dated:_____

By:_____
     Brian Miloski, a Maryland resident

Dated:_____

By:_____
     Joseph Carlin, a Virginia resident

Dated:_____

By:_____
     Richard Cohen, a Maryland resident

Dated:_____

By:_____
     Arthur Samberg, a New York resident

[Signature page 1 of 4]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this ___th day of December, 2017, with the specific intention of creating an instrument under seal.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

**TRUSTEE**:                                    GARY A. ROSEN, Chapter 7 Trustee of the Estate
                                                of Solena Fuels Corporation


Dated:_____   By:_____
                                                Gary A. Rosen

**DEFENDANTS**:

Dated:_____   By:_____
                                                Rajeev Sharma, a Maryland resident


Dated:_____   By:_____
                                                Aryeh Davis, a New York resident


Dated:_____   By:_____
                                                Avi Hoffer, a Maryland resident


Dated:_____   By:_____
                                                Richard Wenzel, a Virginia resident


Dated:_____   By:_____
                                                Brian Miloski, a Maryland resident


Dated:_____   By:_____
                                                Joseph Carlin, a Virginia resident


Dated:_____   By:_____
                                                Richard Cohen, a Maryland resident


Dated:_____   By:_____
                                                Arthur Samberg, a New York resident


[Signature page 1 of 4]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this __th day of December, 2017, with the specific intention of creating an instrument under seal.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

**TRUSTEE**:                               GARY A. ROSEN, Chapter 7 Trustee of the Estate of Solena Fuels Corporation

Dated:_____    By:_____
                                        Gary A. Rosen

**DEFENDANTS**:

Dated:_____    By:_____
                                        Rajeev Sharma, a Maryland resident

Dated:_____    By:_____
                                        Aryeh Davis, a New York resident

Dated:_____    By:_____
                                        Avi Hoffer, a Maryland resident

Dated:_____    By:_____
                                        Richard Wenzel, a Virginia resident

Dated:_____    By:_____
                                        Brian Miloski, a Maryland resident

Dated:_____    By:_____
                                        Joseph Carlin, a Virginia resident

Dated:_____    By:_____
                                        Richard Cohen, a Maryland resident

Dated:_____    By:_____
                                        Arthur Samberg, a New York resident

[Signature page 6 of 4]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this __th day of December, 2017, with the specific intention of creating an instrument under seal.

## READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

**TRUSTEE**:

GARY A. ROSEN, Chapter 7 Trustee of the Estate of Solena Fuels Corporation

Dated:_____        By:_____
                                             Gary A. Rosen

**DEFENDANTS**:

Dated:_____        By:_____
                                             Rajeev Sharma, a Maryland resident

Dated:_____        By:_____
                                             Aryeh Davis, a New York resident

Dated:_____        By:_____
                                             Avi Hoffer, a Maryland resident

Dated:  *6 DEC 2017*        By: *[signature]*_____
                                             Richard Wenzel, a Virginia resident
                                             *MARYLAND*

Dated:_____        By:_____
                                             Brian Miloski, a Maryland resident

Dated:_____        By:_____
                                             Joseph Carlin, a Virginia resident

Dated:_____        By:_____
                                             Richard Cohen, a Maryland resident

Dated:_____        By:_____
                                             Arthur Samberg, a New York resident

[Signature page 1 of 4]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this __th day of December, 2017, with the specific intention of creating an instrument under seal.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

**<u>TRUSTEE</u>:**

GARY A. ROSEN, Chapter 7 Trustee of the Estate of Solena Fuels Corporation

Dated:_____     By:_____
                                        Gary A. Rosen

**<u>DEFENDANTS</u>:**

Dated:_____     By:_____
                                        Rajeev Sharma, a Maryland resident

Dated:_____     By:_____
                                        Aryeh Davis, a New York resident

Dated:_____     By:_____
                                        Avi Hoffer, a Maryland resident

Dated:_____     By:_____
                                        Richard Wenzel, a Virginia resident

Dated: _DECEMBER 5, 2017_           By: _[signature]_____
                                        Brian Miloski, a Maryland resident

Dated: _December 5, 2017_           By: _[signature]_____
                                        Joseph Carlin, a Virginia resident

Dated:_____     By:_____
                                        Richard Cohen, a Maryland resident

Dated:_____     By:_____
                                        Arthur Samberg, a New York resident

[Signature page 1 of 4]

IN WITNESS WHEREOF, the undersigned Parties have executed this Mutual Release on this __th day of December, 2017, with the specific intention of creating an instrument under seal.

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

<u>**TRUSTEE**</u>:

GARY A. ROSEN, Chapter 7 Trustee of the Estate of Solena Fuels Corporation

Dated:_____       By:_____
                                        Gary A. Rosen

<u>**DEFENDANTS**</u>:

Dated:_____       By:_____
                                        Rajeev Sharma, a Maryland resident

Dated:_____       By:_____
                                        Aryeh Davis, a New York resident

Dated:_____       By:_____
                                        Avi Hoffer, a Maryland resident

Dated:_____       By:_____
                                        **Richard Wenzel, a Virginia resident**

Dated:_____       By:_____
                                        Brian Miloski, a Maryland resident

Dated:_____       By:_____
                                        Joseph Carlin, a Virginia resident

Dated: 12-5-17                       By:_____
                                        Richard Cohen, a Maryland resident

Dated:_____       By:_____
                                        Arthur Samberg, a New York resident

[Signature page 1 of 4]

*[signatures continue on next page]*

GreenFuel Technology LLC, a Virginia limited
liability company

Dated: __6 DEC 2017__

By: _____

Name: __Robert WEBER__

Title: __MEMBER__

Acadia Woods Partners, LLC, a Delaware limited
liability company

Dated: _____

By: _____

Name: _____

Title: _____

Samberg Family Foundation, Inc., a Delaware
corporation

Dated: _____

By: _____

Name: _____

Title: _____

SGNA LLC, a Delaware limited liability company

Dated: _____

By: _____

Name: _____

Title: _____

*[signatures continue on next page]*

[*signatures continue on next page*]

GreenFuel Technology LLC, a Virginia limited liability company

Dated:_____    By:_____

Name:_____

Title:_____

Acadia Woods Partners, LLC, a Delaware limited liability company

Dated:_____    By:_____

Name:_____Jeffrey Samberg_____

Title:_____Managing Member_____

Samberg Family Foundation, Inc., a Delaware corporation

Dated:_____    By:_____

Name:_____Arthur J. Samberg_____

Title:_____Director_____

SGNA LLC, a Delaware limited liability company

Dated:_____    By:_____

Name:_____Arthur J. Samberg_____

Title:_____Managing Member_____

[*signatures continue on next page*]

[*Signature page 2 of 4*]

GA Development, LLC, a Maryland limited liability company

Dated: _12 / 4 / 17_

By: _____

Name: _Ali Hoffer_

Title: _Managing Member_

SAN Development Company, LLC, a Maryland limited liability company

Dated:_____

By:_____

Name:_____

Title:_____

ZLC Investments, LLC, a Maryland limited liability company

Dated:_____

By:_____

Name:_____

Title:_____

ALQIMI GE&F Holdings, LLC, a Delaware limited liability company

Dated:_____

By:_____

Name:_____

Title:_____

[Signature page 8 of 4]

GA Development, LLC, a Maryland limited liability company

Dated:_____ By:_____

Name:_____

Title:_____

SAN Development Company, LLC, a Maryland limited liability company

Dated:_____1 2/5/17_____ By:_____

Name:_____Evan M. Novenstein_____

Title:_____Manager_____

ZLC Investments, LLC, a Maryland limited liability company

Dated:_____ By:_____

Name:_____

Title:_____

ALQIMI GE&F Holdings, LLC, a Delaware limited liability company

Dated:_____ By:_____

Name:_____

Title:_____

[Signature page 3 of 4]

GA Development, LLC, a Maryland limited liability company

Dated:_____

By:_____

Name:_____

Title:_____

SAN Development Company, LLC, a Maryland limited liability company

Dated:_____

By:_____

Name:_____

Title:_____

ZLC Investments, LLC, a Maryland limited liability company

Dated: 12/41/17

By: _____

Name: Ber___ an Zi___

Title: M___b___

ALQIMI GE&F Holdings, LLC, a Delaware limited liability company

Dated:_____

By:_____

Name:_____

Title:_____

[Signature page 3 of 4]

GA Development, LLC, a Maryland limited liability company

Dated:_____    By:_____

Name:_____

Title:_____

SAN Development Company, LLC, a Maryland limited liability company

Dated:_____    By:_____

Name:_____

Title:_____

ZLC Investments, LLC, a Maryland limited liability company

Dated:_____    By:_____

Name:_____

Title:_____

ALQIMI GE&F Holdings, LLC, a Delaware limited liability company

Dated: 07 DECEMBER 2017    By:_____

Name: BRIAN MILOSKI

Title: MANAGER + PRESIDENT

[Signature page 3 of 4]

*[signatures continue on next page]*

ALQIMI Technology Solutions, Inc., a Virginia
corporation

Dated:_____

By:_____

Name:_____

Title: Chief Executive Officer

*[end signatures]*

[Signature page 4 of 4]